**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK MILFORD PECK, | |
|     Petitioner, | 2:05-cv-1158-RLH-PAL |
| vs. | **ORDER** |
| WARDEN NEVEN, *et al.*, | |
|     Respondents. | |

In this action on a petition for writ of habeas corpus, Frank Milford Peck, a prisoner at Northern Nevada Correctional Center, has filed a motion for a preliminary injunction (Docket #72), seeking to enjoin the prison officials from confiscating his typewriter pursuant to a new policy prohibiting inmates from possessing typewriters.

A preliminary injunction is an extraordinary remedy, and the right to relief must be both clear and unequivocal before a court will grant an injunction. *See Schrier v. University of CO,* 427 F.3d 1253, 1258 (10th Cir. 2005). A request for injunctive relief that goes beyond simply maintaining the status quo, "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979), *See Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1319-20 (9th Cir. 1994). A preliminary injunction will

1 only be granted if the requesting party demonstrates either: (1) a combination of probable success on
2 the merits and the possibility of irreparable harm; or (2) the existence of serious questions going to
3 the merits and the balance of hardships tips sharply in favor of the requesting party. *LGS Architects,*
4 *Inc. v. Concordia Homes of Nevada,* 434 F.3d 1150, 1155 (9th Cir. 2006); *Sony Computer*
5 *Entertainment Am., Inc. v. Bleem, LLC,* 214 F.3d 1022, 1025 (9th Cir. 2000).  The two formulations
6 represent a sliding scale where the degree of irreparable harm required increases as the probability of
7 success decreases. *Id.*  A movant with questionable claims does not meet the likelihood of success
8 criterion. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 340
9 (1999).

10       In this case, the facts and law do not favor petitioner.  Petitioner's claim of being
11 deprived of his typewriter challenges the conditions of his confinement, not the fact or duration of
12 that confinement.  Challenges to conditions of confinement are not to be raised in federal habeas
13 corpus proceedings, but rather, are more appropriately raised in a civil rights action filed pursuant to
14 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Badea v. Cox*, 931
15 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d at 891-92 (9th Cir. 1979).  Moreover,
16 plaintiff has not demonstrated that he is subject to irreparable harm, or that he is likely to succeed on
17 the merits of his claim regarding deprivation of his typewriter.  Petitioner concedes in his motion that
18 the policy prohibiting typewriters is in response to security concerns stemming from the misuse of
19 typewriters by one or more inmates.  Petitioner's motion for an injunction will be denied.

20       **IT IS THEREFORE ORDERED** that petitioner's motion for a preliminary
21 injunction (Docket #72) is **DENIED.**

22       DATED this     15th     day of           February          , 2008.

23
24                                           /s/ Roger L. Hunt
                               ROGER L. HUNT
25                                Chief United States District Judge
26